IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CARTESEA DAVENPORT, Administrator of the Estate of James Cobb, Jr., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 5:13-CT-3209-BO |
| NEIL ELKS, et al., | ) ) ) | |
| Defendants. | ) | |
| CARTESEA DAVENPORT, Administrator of the Estate of James Cobb, Jr., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 5:13-CT-3203-BO |
| SHERIFF NEIL ELKS, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court on the motion of Plaintiff Cartesea Davenport ("Plaintiff") to compel and for sanctions [DE-243], to which Defendants Mark Cervi, M.D. and Eastern Carolina Medical Services, PLLC ("Defendants") have responded in opposition [DE-255]. For the reasons stated below, the motion to compel and for sanctions is denied.

### I. BACKGROUND

This matter was brought by the estate of James Calvin Cobb, Jr., through his daughter and administrator Cartesea Davenport against 37 defendants (17 named and 20 John/Jane Does). James

Calvin Cobb, Jr. died on July 31, 2011, while in custody of the Pitt County Detention Center. Plaintiff asserted claims for violations of 42 U.S.C. § 1983, state law wrongful death based in negligence, state law wrongful death based in medical negligence, state law injury to prisoner by jailer, and violation of duties under official bond. *See* Aug. 11, 2014 Order [DE-107] at 1. The remaining Defendants are Eastern Carolina Medical Services, PLLC ("ECMS"), Eastern Medical Services PLLC, Dr. Gary Leonhardt, and Dr. Mark Cervi.

A scheduling order entered on November 19, 2014, provided a deadline for non-expert discovery of April 1, 2015. [DE-127]. On motion of the Plaintiff, the court extended this deadline to June 1, 2015. [DE-184]. The court has also addressed numerous discovery disputes in this matter, and a detailed history thereof may be found in the court's prior orders. [DE-134, -184, -216, -252]. On October 17, 2015, Plaintiff filed the instant motion to compel and for sanctions [DE-243], to which Defendants responded in opposition [DE-255]. On November 18, 2015, the court allowed Defendants' motion for protective order governing the production of confidential and proprietary information. [DE-259, -260, -261].

## II. DISCUSSION

Plaintiff moves the court to compel Defendants to fully answer Plaintiff's interrogatories, to produce documents, and to answer questions not fully answered at the Rule 30(b)(6) and individual depositions of Dr. Cervi, the corporate designee of ECMS. Pl.'s Mot. [DE-243] at 9-12. Plaintiff also seeks sanctions and costs incurred in bringing the motion. *Id.* at 12. Plaintiff specifically asserts that Dr. Cervi was not prepared to address questions related to noticed topics as the designee of ECMS at the May 29, 2015 Rule 30(b)(6) deposition and that Defendants failed to completely respond to interrogatories and document requests, relying on improper boilerplate objections. *Id.*

2

at 1-6, 9-12. Defendants dispute each of Plaintiff's contentions and take issue with the timeliness of Plaintiff's objections and whether Plaintiff has satisfied the obligation to meet and confer pursuant to Local Civil Rule 7.1(c). Defs.' Resp. [DE-255] at 3-10.

The court first addresses the timeliness of Plaintiff's motion to compel. While Rule 37(a) governing motions to compel does not specify a temporal requirement for the filing of such motions, "[g]enerally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely." *PCS Phosphate Co. v. Norfolk S. Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006) (citing *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (holding that district court did not abuse discretion in denying motion to compel filed one month after discovery deadline). Whether to grant or deny a motion to compel is generally left within the district court's "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

Plaintiff's motion to compel is essentially an implicit request to amend the scheduling order to reopen non-expert discovery. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'[T]he touchstone of 'good cause' under Rule 16(b) is diligence.' In other words, the focus of the 'good cause' inquiry is 'on the diligence of the party seeking modification of the scheduling order.'" *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, No. 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) (unpublished) (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D. S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)). "Rule 16(b)(4) expressly limits modification of scheduling orders to good cause and thus does not permit alteration of deadlines based upon a showing of extraordinary circumstances or in the interest of justice." *Id.* (quoting *Halpern v. Wake Forest Univ. Health Scis.*,

268 F.R.D. 264, 273 (M.D.N.C. 2010)) (internal quotation marks omitted). "Thus, a court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment).

Plaintiff has failed to timely bring her motion to compel before the court and has failed to demonstrate good cause for her implicit request to amend the scheduling order to reopen non-expert discovery. Dr. Cervi was deposed on May 29, 2015, and prior to his deposition Defendants served on Plaintiff their responses to her amended first discovery requests. Pl.'s Mot. [DE-243] at 2 ¶¶ 5-7. Defendants served amended responses on June 5, 2015. *Id.* ¶ 8. That same day Plaintiff's counsel notified Defendants' counsel by email that Defendants' response to request for production No. 15 regarding the ECMS policies and procedures manual, as well as communications related thereto, was deficient. *Id.* at 6 ¶ 24 & Ex. F, June 5, 2015 Email from R. Allen to F. Benzoni [DE-243-6]. Plaintiff's counsel did not address any perceived deficiencies in Dr. Cervi's deposition testimony, nor any of Defendants' other responses to Plaintiff's discovery requests, including the use of boilerplate objections, in this email. *Id.*, Ex. F, June 5, 2015 Email from R. Allen to F. Benzoni [DE-243-6]. On June 11, 2015, Defendants' counsel responded that he would not produce all ECMS policies because many were irrelevant, but that Plaintiff's counsel could come to Defendants' counsel's office to review the policies and they could discuss any Plaintiff's counsel wanted and whether Defendants' counsel had an objection. *Id.*, Ex. G, June 11, 2015 Email from J. Madden to R. Allen [DE-243-7]. That same day, Plaintiff's counsel responded that he would check his calendar and let Defendants' counsel know when he could stop by and review the documents and added that he would agree to a stipulated protective order regarding the financial information requested in

discovery. *Id.*, Ex. H, June 11, 2015 Email from R. Allen to J. Madden [DE-243-8]. Although Plaintiff asserts in her motion that "[s]ince June, counsel for the Plaintiff and counsel for these Defendants have exchanged numerous emails regarding these and other discovery deficiencies," *id.* at 6 ¶ 25, the correspondence provided to the court indicates Plaintiff's counsel did not contact Defendants' counsel again regarding the ECMS policies until September 22, 2015, *id.*, Ex. I, Sept. 22, 2015 Email from R. Allen to J. Madden [DE-243-9], more than three months after first raising the issue and well after the June 1, 2015 deadline to conclude all non-expert discovery. Counsel continued to exchange emails over the next ten days regarding the ECMS policies and regarding the entry of a protective order, *id.* Exs. I-P, Sept. 22 to Oct. 3, 2015 Emails between R. Allen and J. Madden [DE-243-9 to -243-16].

Based on the correspondence provided to the court, it was not until September 26, 2015, that Plaintiff's counsel raised the issue of potential deficiencies with Dr. Cervi's deposition, almost four months after the deposition took place and long after the close of non-expert discovery. Defs.' Resp., Ex. 2, Sept. 26, 2015 Email from R. Allen to J. Madden [DE-255-2]. Plaintiff's counsel did not raise any specific issues, but rather indicated he was reviewing the deposition to determine if he would need to redepose Dr. Cervi due to his inability to answer questions raised in the deposition notice. *Id.* On September 28, 2015, Defendants' counsel indicated to Plaintiff's counsel that he could not respond regarding Dr. Cervi's depositions, because Plaintiff's counsel had not identified any particular issues, but would be willing to discuss it further. Pl.'s Mot., Ex. M., Sept. 28, 2015 Email from J. Madden to R. Allen [DE-243-13]. On October 2, 2015, Defendants' counsel provided a proposed protective order to Plaintiff's counsel for review. *Id.*, Ex. O, Oct. 2, 2015 Email from J. Madden to R. Allen [DE-243-15]. On October 3, 2015, Plaintiff's counsel indicated the proposed

5

protective order should be fine with a few enumerated caveats and that he would look it over again the following Monday.[1] *Id.*, Ex. P, Oct. 3, 2015 Email from R. Allen to J. Madden [DE-243-16]. On October 17, 2015, Plaintiff's counsel filed the instant motion to compel.

Aside from the issue of the ECMS policies, the correspondence provided to the court indicates that Plaintiff failed to identify any perceived deficiencies with Defendants' other discovery responses prior to the filing of the motion to compel. Plaintiff also failed to diligently pursue perceived deficiencies with respect to Dr. Cervi's deposition, only generally raising them months after the deposition and the close of non-expert discovery and only raising specific issues in the motion to compel. Plaintiff provides no justification for her delay in providing notice of these perceived deficiencies to Defendants or for failing to timely bring this discovery dispute before the court. *See Powell v. Kamireddy*, No. 7:13-CV-00267-F, 2015 WL 333015, at *4 (E.D.N.C. Jan. 26, 2015) (unpublished) (denying as untimely a motion to compel where plaintiffs waited three months before notifying defendants of deficiencies and the motion to compel was filed two months after the close of discovery); *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (unpublished) (denying as untimely a motion to compel filed after the close of discovery), *aff'd*, 582 F. App'x 229 (4th Cir. 2014); *Sager v. Standard Ins. Co.*, No. 5:08-CV-628-D, 2010 WL 2772433, at *1 (E.D.N.C. July 12, 2010) (unpublished) (denying as untimely motion to compel filed three weeks after the close of discovery where plaintiff provided no reason for the delay and failed to show good cause for the court to "essentially amend its Scheduling Order to reopen fact discovery."). Plaintiff also failed to satisfy her obligations under Local Civil Rule 7.1(c) to attempt

---

[1] The court's entry of a protective order governing the production of confidential or proprietary information [DE-260] will allow for Defendants to supplement their previous production with documents previously withheld on the grounds that they contained confidential or proprietary information.

in good faith to resolve the majority of these issues with counsel prior to filing the motion. *See Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. Dec. 7, 2010) (unpublished) (denying motions to compel that failed to comply with the certification requirement of Local Civil Rule 7.1). Accordingly, Plaintiff has failed to show good cause to amend the scheduling order to reopen discovery, and the motion to compel and for sanctions is denied.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel [DE-243] is DENIED.

SO ORDERED, this the **19** day of November 2015.

                                                                    _____
                                                                    Robert B. Jones, Jr.
                                                                    United States Magistrate Judge

7

Case 5:13-ct-03209-BO   Document 262   Filed 11/19/15   Page 7 of 7